UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MISSY J, LLC<br><br>       Plaintiff,<br><br> v.<br><br>WESTCHESTER SURPLUS LINES<br>INSURANCE COMPANY,<br><br>       Defendant. | Civil Action No.:  1:21-cv-848 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Westchester Surplus Lines Insurance Company ("Westchester"), by its attorneys Nixon Peabody LLP, hereby removes the state court action captioned, *Missy J, LLC v. Westchester Surplus Lines Insurance Company*, currently pending in the Superior Court of the State of New Hampshire, Hillsborough County, Northern District, Case No. 216-2021-CV-00548 ("State Court Action"), to this Court pursuant to 28 U.S.C. §§ 1441, and 1446.  The grounds for removal are as follows:

  1. This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b), on the grounds that this Court has original diversity jurisdiction and the amount in controversy exceeds $75,000.

  2. On or about August 30, 2021, Plaintiff Miss J, LLC ("Plaintiff" or "Missy J, LLC") filed its Petition for Declaratory Relief in the State Court Action (the "Petition") in the Hillsborough County Superior Court, Northern District, seeking declaratory relief allegedly resulting from a wrongful denial of insurance coverage. The Petition names Westchester as the sole defendant.

1

3. Plaintiff served the Petition on the Commissioner for the State of New Hampshire Insurance Department on or about September 23, 2021.

4. Pursuant to 28 U.S.C. § 1446(a), Westchester attaches hereto, as Exhibit A, the Affidavit of Service, the Summons, and the Petition for Declaratory Relief Pursuant to RSA 491:22-a and 491:22-b.  These documents constitute all "processes, pleadings and orders" served upon Westchester in the State Court Action to date.

5. Upon information and belief, at the time of commencement of the State Court Action, Plaintiff was a domestic limited liability company organized under the laws of New Hampshire with a principal place of business at 373 South Willow Street PMB 353, Manchester, NH 03103.

6. Westchester has made a good faith effort to ascertain the identity and citizenship of the members of Plaintiff Missy J, LLC by searching relevant publicly available records in New Hampshire, including the online information databases of the New Hampshire Secretary of State Corporation Division.  Upon information and belief, Oscy Cadran, identified as a member and manager of Missy J, LLC in Paragraph 11 of the Petition, is a citizen of the State of New Hampshire.  Upon information and belief, no members of Missy J, LLC are citizens of the State of Georgia or the Commonwealth of Pennsylvania.

7. Defendant Westchester is a corporation organized and existing under the laws of the State of Georgia, with a principal place of business in the Commonwealth of Pennsylvania.

8. Upon information and belief, there is complete diversity of citizenship between the parties.

9. In the State Court Action, Plaintiff seeks a declaratory judgment that Westchester wrongfully denied insurance coverage for damages sought in the underlying lawsuit captioned

*Briona Reed-Sounia v. Missy J, LLC*, pending in the Superior Court of the State of New Hampshire, Hillsborough County, Northern District, Civil Action No. 216-2020-CV-00618 (the "Underlying Lawsuit"),

10. For purposes of establishing federal court jurisdiction where a plaintiff seeks only declaratory relief, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Metropolitan Grp. Prop. &Cas. Ins. Co. v. Thompson,* No. 09-0361-WS-B, 2009 WL 4456342, at *2 (S.D. Ala. Nov. 25, 2009); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("Because the instant suit involves only insurance coverage issues as they relate to the underlying state court action, the court must look to the amount in controversy in the underlying state court suit to determine the amount in controversy for purposes of diversity jurisdiction"); *Jeffrey Press, Inc. v. Hartford Cas. Ins. Co.*, 326 F. Supp. 2d 626, 628 (E.D. Pa. 2004) (quoting *Hunt v. Wash. St. Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)) ("In actions seeking declaratory judgment . . . the amount in controversy is measured by the value of the object of the litigation.").

11. The complaint in the Underlying Lawsuit alleges that "horrendous personal injuries and psychic trauma" were suffered by a three-year old child as the result of an attack by a dog on premises owned by Missy J, LLC. The Underlying Lawsuit seeks damages from Missy J, LLC for "severe permanent personal injuries, loss of earning capacity, medical bills, loss of income, loss of use of assets, pain and suffering, hedonic damages, emotional distress and all other damages permitted under New Hampshire law" arising out of the dog attack. A copy of complaint filed in the Underlying Lawsuit is attached hereto as Exhibit B.

12. Because the amount in controversy in the Underlying Lawsuit potentially exceeds $75,000 and there is complete diversity of citizenship, this Court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332.

13. The State Court Action is pending at the Superior Court of the State of New Hampshire, Hillsborough County, Northern District, which is located within the district of the United States District Court for the District of New Hampshire. Therefore, venue is proper because the State Court Action lies within the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

14. This Notice of Removal is being filed within 30 days after service of the State Court Action on Westchester by service at the office of the New Hampshire Insurance Commissioner, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served promptly upon Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Hillsborough County Superior Court, Northern District.

16. In accordance with Local Rule 81(a), Westchester will ensure that a certified copy of the State Court Action record is filed with this Court within fourteen (14) days after filing this Notice of Removal.

17. Westchester has not yet filed a responsive pleading in the State Court Action. Westchester hereby notifies the Court and Plaintiff that it demands a jury trial on all claims so triable.

WHEREFORE, Defendant Westchester Surplus Lines Insurance Company prays this action proceed in this Court as an action properly removed thereto.

Respectfully submitted,

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY**,

By its attorneys,

Dated: October 22, 2021

By: */s/ Nathan P. Warecki*
Nathan Warecki (N.H. Bar No. 20503)
Gregory Deschenes, Esq.
*(Pro Hac Vice* Forthcoming)
NIXON PEABODY LLP
900 Elm Street, 14th Floor
Manchester, NH 03101-2031
Tel:    (603) 628-4000
Email: nwarecki@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2021, I served a copy of the within *Notice of Removal* via electronic mail and United States first-class mail, postage prepaid, to the following counsel of record:

BJ Branch, Esq.
116 Lowell Street, PO Box 516
Manchester, NH 03105-0516
michelle@backusmeyer.com

*/s/ Nathan P. Warecki*