```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Missy J, LLC

    v.                                      Case No. 21-cv-848-SE
                                            Opinion No. 2022 DNH 157

Westchester Surplus Lines
Insurance Company

## O R D E R

In July 2020, a young boy was injured when a dog attacked him in an apartment complex owned by Missy J, LLC. After the boy's mother brought suit on his behalf against Missy J to recover for his injuries, Missy J sought coverage from its insurer, Westchester Surplus Lines Insurance Company, under its commercial general liability policy. Westchester denied coverage and refused to defend Missy J in the lawsuit, relying on an "Animals Exclusion" provision in the policy.

Missy J filed a declaratory judgment action in New Hampshire state court against Westchester seeking a ruling that the parties' commercial liability policy provided coverage for the lawsuit against Missy J and the boy's injuries. Westchester removed the case to this court. Both parties now move for summary judgment.

The court held a hearing on the parties' motions on December 16, 2022. After consideration of the parties' filings and arguments, the court grants Westchester's motion and denies Missy J's motion.

Standard of Review

The court treats cross-motions for summary judgment separately, drawing inferences in the nonmoving party's favor. AJC Intern., Inc. v. Triple-S Propiedad, 790 F.3d 1, 3 (1st Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. In considering a motion for summary judgment, the court may review materials cited in the motion and other materials in the record. Fed. R. Civ. P. 56(c)(1)(3).

Background

There are no disputed facts in this case. Missy J owns an apartment complex in Manchester, New Hampshire. From January 9, 2020, to January 9, 2021, Westchester insured Missy J under a commercial general liability insurance policy. Doc. no. 24-2. The policy provides that Westchester "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance

applies" and will have "the right and duty to defend the insured against any 'suit' seeking those damages." Id. at 77, Sec. I(A)(1). An endorsement to the policy titled "Limitation of Coverage to Designated Premises or Project" limits the policy's coverage to injuries, damages, and medical expenses arising out of the "ownership, maintenance, or use of the premises shown in the Schedule and operations necessary or incidental to those premises." Id. at 108. The Schedule shows the "premises" as the complex's address. Id.

The policy also lists certain injuries and damages for which it does not provide coverage. Relevant here, the policy includes an "Animals Exclusion" provision as follows:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from the ownership, existence, maintenance, presence, training or use of animals on an insured's premises or in an insured's operations, including:
>
> a. dogs;
>
> . . .
>
> This exclusion applies even if negligence or other wrongdoing is alleged in the supervision, hiring, employment, training, investigation, reporting to authorities, or monitoring of others by an insured if the "occurrence" which caused the "bodily injury", "property damage", or "personal and advertising injury" involves the ownership, existence, maintenance, presence, training or use of animals on an insured's premises or in an insured's operations.

Id. at 75.

On July 10, 2020, a pitbull attacked a young boy who was visiting at one of the apartments in the complex. The boy's mother, Briona Reed-Sounia, brought suit against Missy J on her son's behalf. After initially defending Missy J in the action, Westchester denied coverage on the basis of the policy's animal exclusion provision. This action followed.

## Discussion

Missy J seeks a declaratory judgment that Westchester wrongfully denied coverage for the dog attack at the complex. In support, Missy J contends that the animal exclusion provision in the policy is ambiguous and can reasonably be interpreted to apply only to an animal Missy J or its agents owned, controlled, or used in its operations (such as a guard dog). Missy J argues that because the exclusion provision is ambiguous, the court must construe it against the insurer and in favor of coverage. Westchester disagrees and contends that the animal exclusion provision is clear and unambiguous and precludes coverage for the boy's injuries because they arose from the existence or presence of a dog on Missy J's premises. Both parties move for summary judgment.

The interpretation of an insurance policy is a question of law. Town of Londonderry v. N.H. Mun. Ass'n Prop. Liab. Ins. Tr., Inc., 140 N.H. 440, 441 (1995). Insurance companies may

4

limit coverage through exclusions that are "written in clear and unambiguous policy language." Mellin v. N. Sec. Ins. Co., Inc., 167 N.H. 544, 547 (2015). "[T]he burden of proving lack of insurance coverage is on the insurer." Maville v. Peerless Ins. Co., 141 N.H. 317, 320 (1996) (quotation omitted).

Under New Hampshire law, when disputed terms are not defined in a policy or by New Hampshire cases, the court construes the terms in the context of the agreement as a whole "as would a reasonable person in the position of the insured." Cath. Med. Ctr. v. Exec. Risk Indem., Inc., 151 N.H. 699, 701 (2005); accord Great Am. Dining, Inc. v. Phil. Indem. Ins. Co., 164 N.H. 612, 625 (2013). Ambiguity exists in policy language when there are two reasonable interpretations. White v. Vt. Mut. Ins. Co., 167 N.H. 153, 157 (2014). The court construes ambiguities in a policy in favor of coverage. Philbrick v. Liberty Mut. Fire Ins. Co., 156 N.H. 389, 391 (2007).

Missy J and Westchester agree that Missy J's liability for the dog attack would have been covered under the policy but for the animal exclusion provision. In other words, the parties agree that the entire complex, including the apartments where tenants live and where the dog attack occurred, is within the scope of the liability coverage provided by the policy, regardless of whether liability arose out of Missy J's operations.

The animal exclusion provision modifies the "commercial general liability coverage" of the policy. Doc. no. 24-2 at 75. It states that the insurance does not apply to "bodily injury" arising out of or resulting from the "existence" or "presence" "of animals on an insured's premises," including dogs. Id. That plain language encompasses the factual circumstances for which Missy J seeks coverage in this case: a visitor's bodily injury that arose out of the existence or presence of a dog on Missy J's premises, the complex.

Despite this straightforward language, Missy J contends that the animal exclusion provision is ambiguous. It argues that a reasonable person could read the provision to exclude from coverage only injuries arising out of or resulting from an animal Missy J owned, controlled, or used in its business, such as a guard dog. In support of that contention, Missy J submits the affidavit of Oscy Cadran, one of its members and managers, in which Cadran states that he interpreted the animal exclusion provision in that manner. See doc. no. 10-3. Missy J also notes that the animal exclusion provision does not reference the complex's tenants or residents and argues that the provision's language is too complicated to be unambiguous.[1]

---

[1] Missy J repeatedly refers to the exclusion provision as a "word salad" in its reply.

6

Those arguments ignore the policy's plain language. As Missy J asserts, the animal exclusion provision excludes from the policy's coverage bodily injury arising out of Missy J's ownership of an animal or its use of an animal in its operations. But the provision is explicitly broader than those circumstances. It also unambiguously excludes bodily injury that arises out of an animal's presence on Missy J's premises, which specifically includes the complex. See doc. no. 24-2 at 108. As noted above, that language covers the exact factual circumstances for which Missy J seeks coverage here: liability it incurred because of the boy's bodily injury that arose out of a dog's presence at the complex. Despite Missy J's protestations to the contrary, the animal exclusion provision is written in clear and unambiguous language and excludes from the policy's coverage the incident at issue in this case. See Cafe Indigo, LLC v. Pearl River Pastry, LLC, No. 20-CV-419-JL, 2020 WL 5026745, at *6 (D.N.H. Aug. 25, 2020) ("[P]arties cannot create ambiguity from whole cloth where none exists, because provisions are not ambiguous merely because the parties interpret them differently." (quotation omitted)). Therefore, Westchester has carried its burden to show the absence of coverage under the policy and is entitled to summary judgment.

<u>Conclusion</u>

For the foregoing reasons, Westchester's motion for summary judgment (document no. 15) is granted and Missy J's motion for summary judgment (document no. 10) is denied.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

December 19, 2022

cc: Counsel of record.